JS-6

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSIDHE O'CONNOR HOLKE,<br><br>Plaintiff,<br><br>vs.<br><br>GATEWAY BUSINESS BANK, CITIMORTGAGE, INC.,<br><br>Defendants. | CASE NO. 5:11-CV-00631-JST (FFMx)<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION TO RIVERSIDE COUNTY SUPERIOR COURT, CASE NO. RIC 1100353** |

**I. Introduction**

This matter is before the Court on the Order to Show Cause Re: Remand issued by this Court on May 24, 2011. (Doc. 16.) For the reasons set forth below the Court concludes that it lacks subject matter jurisdiction and REMANDS the case to Riverside County Superior Court, Case No. RIC 1100353.

**II. Background**

Plaintiff Cassidhe O'Connor Holke originally filed this action in Riverside County Superior Court on January 10, 2011. (Compl., Doc. 1, Ex. A.) Plaintiff alleges, *inter alia*, that Defendant Gateway Business Bank committed fraud and wrongfully foreclosed on Plaintiff's real property in connection with a residential loan Plaintiff obtained from Defendant.[1] On April 21, 2011, Defendant removed this case to federal court "on the grounds that Plaintiff['s] . . . fraud and wrongful foreclosure claims are preempted by federal law and resolution of Plaintiff's claims will necessitate the adjudication of substantial, disputed questions of federal law – specifically, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ('TILA')."[2] (Show Cause Response, Doc. 17, at 1; Notice of Removal, Doc. 1.) On May 24, 2011, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. (Doc. 16.) Defendant filed a show cause response on June 6, 2011. (Doc. 17.)

---

[1] Plaintiff also alleges claims for: (1) cancellation of trustee's deed upon sale; (2) declaratory relief; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) rescission and restitution; (6) declaration of resulting or constructive trust; (7) quiet title; (8) breach of contract; and (9) accounting. (Compl. at 1.)

[2] Plaintiff's Complaint also names Citimortgage, Inc. as a defendant. There is, however, no indication that Citimortgage has been served with the Complaint and therefore Citimortgage's consent to removal is not required. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

## III. Legal Standard

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. Discussion

Defendant argues that Plaintiff's fraud and wrongful foreclosure claims are predicated on, and preempted by, the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. (Doc. 17 at 4.) Specifically, Defendant asserts that Plaintiff's fraud and wrongful foreclosure claims are based on Plaintiff's allegations that: (1) Defendant failed to provide Plaintiff with a three-day right of rescission; (2) Plaintiff's mortgage interest rate was higher than the rate promised to Plaintiff by Defendant; and (3) Defendant failed to provide Plaintiff with required documents during the origination of the loan. (*Id.* at 5.)

3

Notwithstanding Defendant's arguments to the contrary, Plaintiff's fraud and wrongful foreclosure claims do not appear to be predicated on TILA. Plaintiff's wrongful foreclosure claim asserts that because of the fraud committed by Defendant "no contract exists" and therefore "defendants should be restrained from bringing a foreclosure sale against the Plaintiff's real property." (Compl. at 4.) Plaintiff's fraud claim asserts that Defendant committed fraud by: (1) threatening to deprive Plaintiff of possession of Plaintiff's real property when Defendant did not in fact hold the original promissory note and (2) inducing Plaintiff to accept loan terms that Plaintiff did not understand. (*Id.* at 6.) Thus, it does not appear from the face of the Complaint that Plaintiff's claims are predicated on TILA. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

Additionally, although Plaintiff references TILA in the Complaint, Plaintiff's claims are not preempted by TILA. Where a statute has an express preemption clause, "the task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664 (1993). TILA's preemption provision states:

> Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, *except to the extent that those laws are inconsistent with the provisions of this subchapter* and then only to the extent of the inconsistency. Upon its own motion or upon the request of any creditor, State or other interested party which is submitted in accordance with procedures prescribed in regulations of the Board, the Board shall determine whether any such inconsistency exists. If the Board determines that a State-required disclosure is inconsistent, creditors located in that State may not make disclosures using the inconsistent term or

4

form, and shall incur no liability under the law of that State for failure to use such term or form, notwithstanding that such determination is subsequently amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1610(a)(1) (emphasis added). Under the plain language of the provision, TILA preempts all state law provisions to the extent "that the 'terms and forms' mandated by the state are 'inconsistent' with those required by TILA." *Newbeck v. Wash. Mut. Bank,* No. C 09-1599 CW, 2010 WL 291821, at *3 (N.D. Cal. Jan. 19, 2010). As Plaintiff's claims do not appear to require disclosures that are inconsistent with TILA, Plaintiff's claims are not preempted.

Under Regulation Z, "[a] State law is inconsistent if it requires a creditor to make disclosures or take actions that contradict the requirements of the Federal law." 12 C.F.R. § 226.28(a)(1). "State law requirements that call for the disclosure of items of information not covered by the Federal law, or that require more detailed disclosures, do not contradict the Federal requirements." 12 C.F.R. Pt. 226, Supp. I, 28(a)(3) (Commentary on Regulation Z). "Thus, TILA preempts state law only to the extent state disclosure requirements are explicitly inconsistent with federal law." *Jordan v. Paul Fin., LLC*, 745 F. Supp. 2d 1084, 1095 (N.D. Cal. 2010); *see also In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, No. 08-CV-1903-DMS, 2008 WL 5450351, at *5 (S.D. Cal. Dec. 30, 2008) ("The existence of concurrent jurisdiction [over TILA] indicates Congress intended for the balance of judicial responsibility for these claims be shared between state and federal courts."). Courts regularly find that although TILA protects creditors from inconsistent state disclosure requirements, it does not insulate creditors from state law claims that may relate to TILA disclosures. *See, e.g.*, *Robles v. Homeq Servicing, Inc.*, No. CV 09-3622 CAS, 2009 WL 2046128 (C.D. Cal. July 9, 2009). Therefore, the Court concludes that Plaintiff's fraud and wrongful foreclosure claims are not "explicitly inconsistent with federal law" and therefore not preempted by TILA. *Jordan*, 745 F. Supp. 2d at 1095. As Plaintiff did not allege any federal claims in the Complaint and Plaintiff's

5

claims are not preempted by TILA, the Court lacks subject matter jurisdiction and must remand this case. 28 U.S.C. § 1447(c).

**V. Conclusion**

For the reasons set forth above, the Court REMANDS the case for lack of subject matter jurisdiction.

DATED: June 14, 2011

                                                  **JOSEPHINE STATON TUCKER**
                                                  JOSEPHINE STATON TUCKER
                                                  UNITED STATES DISTRICT JUDGE